**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:18-cv-61990-Scola/Snow**

JIBRAEL HINDI )
)
    Plaintiff )
)
vs. )
)
CCS-SOUTH FLORIDA, LLC )
D/B/A COMPLETE COLLECTION )
SERVICE )
)
    Defendant )

## ANSWER TO COMPLAINT

Your Defendant, CCS-South Florida, LLC, d/b/a Complete Collection Service, by and through counsel, in answer to Plaintiff's Complaint states as follows:

1. In answer to the allegations in Paragraph 1 of the Complaint, Defendant admits that Plaintiff makes claims under the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act but denies that it committed any violation of the law.

2. In answer to the allegations in Paragraph 2 of the Complaint, Defendant admits that Plaintiff has asked for a jury trial but the question of whether Plaintiff is entitled to a jury trial is one of law.

3. The allegations in Paragraph 3 of the Complaint relate to jurisdiction for which an answer either admitting or denying the assertions is not required.

4. The allegations in Paragraph 4 of the Complaint relate to jurisdiction for which an answer either admitting or denying the assertions is not required.

5. The allegations in Paragraph 5 of the Complaint relate to venue for which an answer either admitting or denying the assertions is not required.

6. Upon information and belief, Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Defendant admits the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant admits the allegations set forth in Paragraph 8 of the Complaint.

9. Defendant admits the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant admits the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant admits the allegations set forth in Paragraph 11 of the Complaint.

12. The allegations in Paragraph 12 of the Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.

13. The allegations in Paragraph 13 of the Complaint set forth a legal conclusion for which an answer either admit or deny the assertions is not required.

14.

15. The allegations in Paragraph 14 of the Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.The allegations in Paragraph 15 of the Complaint are ambiguous and uncertain and therefore Defendant is unable to respond thereto.

16. Defendant admits the allegations set forth in Paragraph 16 of the Complaint.

17. Defendant admits the allegations set forth in Paragraph 17 of the Complaint.

18. Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19. The allegations in Paragraph 19 of the Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.

20. The allegations in Paragraph 20 of the Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required. .

21. The allegations in Paragraph 21 of the Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.

22. The allegations in Paragraph 22 of the Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.

23. In answer to the allegations in Paragraph 23 of the Complaint, Defendant realleges and incorporates by reference its answer to the preceding paragraphs.

24. The allegations in Paragraph 24 of the Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.

25. The allegations in Paragraph 25 of the Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required..

26. The allegations in Paragraph 26 of the Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. The allegations in Paragraph 28 of the Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required. To the extent the allegations set forth factual assertions, those assertions are denied.

29. In answer to the allegations in Paragraph 29 of the Complaint, Defendant realleges and incorporates by reference its answer to the preceding paragraphs.

30. The allegations in Paragraph 30 of the Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims failed to set forth a cause of action for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring these claims.

### THIRD AFFIRMATIVE DEFENSE

Defendant is entitled to recover its attorney fees, expenses and costs pursuant to 15 U.S.C. § 1692k(a)(3) because Plaintiff has brought this matter in bad faith and for the purpose of harassment as evidenced by the fact that Plaintiff is an experienced consumer protection and Fair Debt Collection Practices Act attorney, that the letter sent to the Plaintiff and attached as an exhibit to the Complaint was mailed on June 22, 2018 and therefore is presumed delivered on June 25, 2018.  Notwithstanding this, Plaintiff follows a routine practice of only retrieving mail from his mail receptacle every two to three weeks; therefore, Plaintiff knew that the thirty (30) day period for disputing the debt expired at the time he called Defendant's office on August 6, 2018, but, notwithstanding, has falsely asserted that he lawfully disputed the debt within thirty (30) days of "receipt" of the letter.

WHEREFORE, your Defendant prays that this Honorable Court dismiss Plaintiff's claim with prejudice and that it award Defendant all of its costs, expenses and attorney fees.

        THE LAW OFFICES
          OF RONALD S. CANTER, LLC

/s/ Ronald S. Canter
Ronald S. Canter, Esquire (Bar # 335045)
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone: (301) 424-7490
Facsimile: (301) 424-7470
rcanter@roncanterllc.com
*Attorney for Defendant*

*Local Address:*
400 S. Dixie Hwy #322
Boca Raton, Florida 33432

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by ECF/CM procedures on this 12th day of September, 2018 to:

Thomas J. Patti, Esquire
THOMAS-JOHN LAW, P.A.
1451 W. Cypress Creek Road, Suite 300
Fort Lauderdale, Florida 33305
tpatti@thomasjohnlaw.com
*Attorney for Plaintiff*

/s/ Ronald S. Canter
Ronald S. Canter, Esquire
*Attorney for Defendant*