UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:   0:18-CV-61990

JIBRAEL HINDI,

    Plaintiff,

v.

CCS - SOUTH FLORIDA LLC, d/b/a
COMPLETE COLLECTION SERVICE,

    Defendant.
_____/

## JOINT DISCOVERY AND SCHEDULING CONFERENCE REPORT

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1.B of the United States District Court for the Southern District of Florida, by and through the undersigned counsel, Plaintiff JIBRAEL HINDI and Defendant CCS - SOUTH FLORIDA LLC, d/b/a COMPLETE COLLECTION SERVICE, (collectively, the "Parties"), files their Joint Report as follows:

**I.**     **DEADLINES AND/OR SCHEDULE**

Attached hereto as Exhibit "A" is the Parties Joint Proposed Scheduling Order, of which proposes deadlines and/or cutoffs in accordance with the [D.E. 5] Order Requiring Discovery And Scheduling Conference, *see* D.E. 5 at 3, and otherwise omitted from the below Report.

**II.**     **FED. R. CIV. P. 26(F)(3) DISCOVERY PLAN REPORT**

**(a)**     **WHAT CHANGES SHOULD BE MADE IN THE TIMING, FORM, OR REQUIREMENT FOR DISCLOSURES UNDER RULE 26(A), INCLUDING A STATEMENT OF WHEN INITIAL DISCLOSURES WERE MADE OR WILL BE MADE:**

    The Parties do not believe any changes should be made to required disclosures.

**(b)** **THE SUBJECTS ON WHEN DISCOVERY MAY BE NEEDED, WHEN DISCOVERY SHOULD BE COMPLETED, AND WHEN DISCOVERY SHOULD BE CONDUCTED IN PHASES OR BE LIMITED TO OR FOCUSED ON PARTICULAR ISSUES:**

> The Parties anticipate taking discovery on the issues raised in the pleadings as permitted under the Federal and Local Rules. The Parties have agreed assign the above referenced matter to the *Expedited* case management track.

**(c)** **ANY ISSUES ABOUT DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION, INCLUDING THE FORM OR FORMS IN WHICH IT SHOULD BE PRODUCED:**

> The Parties will produce documents in paper or Adobe .PDF format. Sound recordings will be produced in a media player suitable for access by each party. Service of any documents and/or requests shall be made electrically, via e-mail, to counsel of record.

**(d)** **ANY ISSUES ABOUT CLAIMS OF PRIVILEGE OR OF PROTECTION AS TRIAL-PREPARATION MATERIALS, INCLUDING – IF THE PARTIES AGREE ON A PROCEDURE TO ASSERT THESE CLAIMS AFTER PRODUCTION – WHETHER TO ASK THE COURT TO INCLUDE THEIR AGREEMENT IN AN ORDER:**

> The Parties agree that the inadvertent disclosure of information protected by the attorney- client and/or work-product privilege shall not constitute a waiver of an otherwise valid claim of privilege.  A party that receives privileged information shall return it to the other party immediately upon discovery of the privileged information and without retaining a copy. The Parties will comply with the Court's rules governing redaction of account and social security numbers.

**(e)** **WHAT CHANGES SHOULD BE MADE IN THE LIMITATIONS ON DISCOVERY IMPOSED UNDER THESE RULES OR BY LOCAL RULE, AND WHAT OTHER LIMITATIONS SHOULD BE IMPOSED:**

> At this time, the Parties do not anticipate changes to the limitations to discovery. The Parties reserve their rights to amend this response as necessary.

**(f)** **OTHER ORDERS THE COURT SHOULD ISSUE UNDER RULE 26(C) OR RULES 16(B) AND (C):**

> At this time, the Parties do not anticipate that they will require a Protective Order to limit the dissemination of confidential, proprietary and/or trade secret materials in this litigation; however, should this change, the Parties will submit a proposed Protective Order for entry by the Court. Should the Parties be unable to agree on any such Order, they may request the Court's assistance.

**III.** **LOCAL RULE 16.1(B)(2) CONFERENCE REPORT**

**(a)** **THE LIKELIHOOD OF SETTLEMENT:**

The Parties have agreed to keep settlement discussions open.

**(b)   THE LIKELIHOOD OF APPEARANCE IN THE ACTION OF ADDITIONAL PARTIES:**

At the present time, the Parties do not anticipate adding any additional Parties.

**(c)   PROPOSALS FOR THE FORMULATION AND SIMPLIFICATIONS OF ISSUES:**

The Parties agree to cooperate in trying to simplify the issues through discovery.

**(d)   THE NECESSITY OR DESIRABILITY OF AMENDMENTS TO THE PLEADINGS:**

At this time, the Parties do not anticipate amending the pleadings, especially considering no discovery has been conducted at this time. Any motion(s) to amend will be filed within the time frame set forth above.

**(e)   THE POSSIBILITY OF OBTAINING ADMISSIONS OF FACT AND DOCUMENTS TO AVOID UNNECESSARY PROOF:**

The Parties will attempt, in good faith, to obtain admissions of fact, make appropriate stipulations, and exchange documents which will avoid unnecessary proof in this action. The Parties will work to agree on authentication of relevant documents and reserving arguments as to interpretation of such documents, specifically, to documents which originated from each of the Parties and/or their respective representatives and/or employees. At this time, there is no need for any advance rulings with respect to admissibility of evidence.

**(f)   SUGGESTIONS OF THE AVOIDANCE OF UNNECESSARY PROOF AND CUMULATIVE EVIDENCE:**

The Parties, where possible and in good faith, shall attempt to streamline the presentation of evidence to advance the case to trial, and to minimize the duration of the proposed trial, as to those facts and evidence where there is no dispute.

**(g)   PRELIMINARY ESTIMATE OF THE TIME REQUIRED FOR TRIAL:**

The Parties believe that trial will take approximate:     **TWO (2) DAYS**.

**(h)   ANY OTHER INFORMATION THAT MIGHT BE HELPFUL TO THE COURT:**

Consent to Service by Email: Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the Parties agree that discovery papers and other papers not required to be filed and served through the Court's CM/ECF system may be served by email through counsel.

**(i)** **FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)(A), INITIAL DISCLOSURES:**

The Parties do not believe any changes should be made to required disclosures.

**(j)** **SOUTHERN DISTRICT OF FLORIDA LOCAL RULE 2.8, NOTICE OF PENDENCY:**

The Parties agree that this case has not been previously filed and has not been substantially related to another case previously or currently pending before another Court.

DATED:   September 25, 2018

Respectfully Submitted,

| /s/ Thomas J. Patti | /s/ Ronald S. Canter |
|---|---|
| **THOMAS J. PATTI, ESQ.** | **RONALD S. CANTER, ESQ.** |
| Florida Bar No.: 118377 | Florida Bar No.: 335045 |
| E-mail:   tpatti@thomasjohnlaw.com | E-mail:   rcanter@roncanterllc.com |
| THOMAS-JOHN LAW, P.A. | THE LAW OFFICES OF RONALD S. CANTER, LLC |
| 1451 W. Cypress Creek Road, Suite 300 | 200A Monroe Street, Suite 104 |
| Fort Lauderdale, Florida 33309 | Rockville, Maryland 20850 |
| Phone:   954-543-1325 | Phone:   301-424-7490 |
| Fax:   954-507-9975 | Fax:   301-424-7470 |
| *COUNSEL FOR PLAINTIFF* | *COUNSEL FOR DEFENDANT* |